UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EVELYN GOMES,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration,<br><br>    Defendant. | CA No. 08-233 S |

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

In this social security case, Plaintiff seeks to reverse a decision by Defendant Commissioner of Social Security (the "Commissioner") denying her disability insurance benefits ("DIB"). Acting on behalf of the Commissioner, in October 2007 an Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled within the meaning of Social Security Administration ("SSA") regulations, and was therefore ineligible for DIB. After Plaintiff commenced this action, on September 22, 2009 Magistrate Judge Martin issued a Report and Recommendation ("R&R," Doc. No. 10) recommending that the Commissioner's decision be affirmed. Before the Court is Plaintiff's objection to the R&R. For the reasons explained below, Plaintiff's objection is denied and the Court accepts the R&R, which is attached hereto.

In considering Plaintiff's objection, the Court conducts "a de novo determination of those portions of the [R&R] to which

objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2009); see Fed. R. Civ. P. 72(b)(3); Jasty v. Wright Med. Tech., Inc., 528 F.3d 28, 33 (1st Cir. 2008).

In reviewing an ALJ's decision denying social security benefits, the factual findings of the Commissioner are accorded great weight and "shall" be conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g); see Seavey v. Barnhart, 276 F.3d 1, 10 (1st Cir. 2001). The Court "must affirm the [Commissioner]'s resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987).

Judge Martin concluded that the ALJ's decision was supported by substantial evidence. Plaintiff disputes this conclusion and attacks two aspects of the ALJ's findings. First, she argues that the ALJ failed to evaluate properly the opinions of her treating physician Dr. Francisco Gutierrez and her therapist Deborah Saboya. Dr. Gutierrez and Ms. Saboya found that Plaintiff suffered from severe to moderately severe functional limitations resulting from depression and anxiety.

When deciding the weight to be given to a treating source's opinion, ALJs should consider the length and nature of the

2

treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, the specialization of the source, and other factors a claimant brings to the ALJ's attention. See 20 C.F.R. § 404.1527(d) (2009).

Here, Judge Martin correctly found that the ALJ considered these factors in giving less weight to the opinions of the treating physician and therapist. Specifically, the ALJ found their opinions were not supported by clinical findings, the opinions of other experts, or the treatment notes of Dr. Gutierrez and Ms. Saboya themselves. In fact, those notes showed that Plaintiff had improved with therapy and at times reported no significant psychiatric symptoms. (See Record "R." at 18-19.) The ALJ was also aware of the length and frequency of Dr. Gutierrez's treatment of Plaintiff, as well as the fact that Dr. Gutierrez was a primary care physician and not a specialist. See 20 C.F.R. § 404.1527(d)(5). (See R. at 466, 421.) Finally, although the opinion of Ms. Saboya, a therapist, was entitled to less weight than a medical source, see 20 C.F.R. § 404.1513(a), the ALJ was still required to consider her assessments in full. The ALJ did exactly that: at the hearing, she specifically requested treatment notes from Ms. Saboya, and then discussed those notes repeatedly in her decision. (See R. at 468.)

Moreover, the ALJ properly relied on the opinions of three non-examining sources to the effect that Plaintiff's abilities were

3

only moderately impaired. (See R. at 14.) These sources comprised a psychologist and two psychiatrists, one of whom was a medical expert ("ME") hired by the Commissioner to review the record and testify at a hearing before the ALJ. As specialists in the realm of the medical conditions at issue — depression and anxiety — their opinions were generally entitled to be given more weight. See Guyton v. Apfel, 20 F. Supp. 2d 156, 168 & n.16 (D. Mass. 1998) (approving of an ALJ's heavier reliance on the opinion of a specialist than that of a non-specialist treating physician). Furthermore, "it is well-established in this circuit that a treating physician's opinion may be rejected by the Secretary, who may accord greater weight to his own experts," provided the record supports their opinions. Mitchell v. Sec'y of Health & Human Servs., No. 93-1612, 21 F.3d 419, 1994 WL 96966, at *6 (1st Cir. Mar. 25, 1994) (unpublished table opinion) (per curiam).

Here, the consulting sources' opinions were consistent with the clinical evidence and treatment notes from Dr. Gutierrez and Ms. Saboya, which the ALJ discussed. (See R. at 18-19.) In particular, at the hearing the ME conducted a detailed analysis of Plaintiff's medical records to explain the conclusion that she was not severely impaired. See 20 C.F.R. § 404.1527(d)(3) ("The better an explanation a source provides for an opinion, the more weight we will give that opinion."). It was thus reasonable for the ALJ to place more weight on the non-treating sources' opinions. See

Barrientos v. Sec'y of Health & Human Servs., 820 F.2d 1, 2-3 (1st Cir. 1987) (approving the acceptance of consulting physicians' opinions over that of a treating physician). Those opinions also fit with non-clinical evidence about Plaintiff's daily activities. Consequently, substantial evidence supported the ALJ's finding that Plaintiff was not disabled.[1]

Second, Plaintiff complains that the ALJ failed to follow the procedures set forth in 20 C.F.R. § 404.1529(c)(3) in finding that she was not credible in describing her symptoms. She argues the ALJ strayed from the requirements of Avery v. Sec'y of Health & Human Servs., 797 F.2d 19, 28 (1st Cir. 1986) in evaluating her credibility, because the ALJ did not consider non-objective information. This objection is groundless. As Judge Martin observed, the ALJ's decision thoroughly analyzed Plaintiff's alleged symptoms and functional limitations. The decision expressly discussed whether the allegations were supported by treatment she received, symptoms reported to her treating sources, and her daily activities. (See R. at 21-22.) The ALJ also questioned Plaintiff at the hearing on a wide range of topics relevant to credibility under § 404.1529(c)(3), including her

---

[1] Alcantara v. Astrue, 257 Fed. Appx. 333 (2007), which Plaintiff cites, does not mandate any contrary finding on grounds that the consulting sources relied on an incomplete record. Unlike in that case, here the ALJ did not only rely on a single opinion by a consulting source who reviewed just one-third of the record. See id. at 334.

symptoms, measures taken to alleviate them, precipitating and aggravating factors, and daily activities, among other things. (See generally R. at 405-36.) The ALJ thus conformed to the guidelines for making credibility findings under SSA regulations and Avery, and her conclusion is supported by substantial evidence. See Reeves v. Barnhart, 263 F. Supp. 2d 154, 163 (D. Mass. 2003) (holding a credibility determination adequate under Avery where the ALJ gave "specific reasons" for her findings, questioned the claimant at the hearing about her symptoms, and considered the claimant's medications and daily activities).

For each of these reasons, Plaintiff's objection is overruled, and the R&R is adopted in full. Plaintiff's motion to Reverse the Decision of the Commissioner is DENIED and the Commissioner's Motion to Affirm the Decision is GRANTED.

IT IS SO ORDERED.

/s/ W. Smith

William E. Smith
United States District Judge
Date: November 17, 2009